**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VW CREDIT, INC, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF ENGLEWOOD and BERGEN COUNTY COLLISION, <br><br> Defendants. | Civil Action No. 23-07350(JKS)(JRA) <br><br><br> **OPINION** <br><br> June 3, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on separate motions: (1) Plaintiff VW Credit, Inc.'s ("VW Credit" or "Plaintiff") Motion to Dismiss Defendant Bergen County Collision's ("BCC" or "Defendant") counterclaim; and (2) BCC's Cross Motion to Dismiss VW Credit's Complaint (ECF 10; ECF 14.) Both motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). BCC and VW Credit opposed the respective motions. (ECF 13; ECF 16.) The Court reviewed all submissions in support and in opposition and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Dismiss Defendant BCC's Counterclaim is **GRANTED** and Defendant's Cross Motion to Dismiss VW Credit's Complaint is **DENIED.**

I.   **BACKGROUND**[1]

Plaintiff VW Credit is a perfected lienholder in a 2020 VW Tiguan bearing VIN 3VV0B7AX0LM122553 (the "Vehicle"), which is the subject of this action. (ECF 7, FAC ¶ 9.) Defendant Bergen County Collision is a New Jersey business engaged in towing and storing motor vehicles. (*Id.* ¶ 9.) The non-party owner of the Vehicle secured financing for the Vehicle with Plaintiff VW Credit. (ECF 9, BCC Counterclaim ¶ 1.)

On or around December 10, 2022, the Vehicle was allegedly involved in an accident. (*Id.* ¶ 2.) On or around December 12, 2022, the owner of the Vehicle retrieved belongings from the Vehicle, stated she was not at fault, but left the Vehicle with BCC "to pursue claim [sic] with insurance and repair vehicle, if repairable." (*Id.* ¶ 3.) The Owner's insurance company "denied the claim." (*Id.* ¶ 4.) On or around February 21, 2023, VW Credit called BCC, who informed VW Credit that BCC claimed there were charges owed in relation to the Vehicle. (*Id.* ¶ 5.) The parties spoke again by phone on March 2, 2023, when BCC "sent an itemized invoice and pictures" relating to the Vehicle. (*Id.* at ¶ 6.) On or about May 6, 2023, BCC cleaned the interior of the Vehicle and moved it to long-term storage. (*Id.* ¶ 7.) On or around June 27, 2023, BCC informed VW Credit through counsel "that the vehicle can be picked up . . . to mitigate damages . . . and that outstanding payment can be resolved at a later time." (*Id.* ¶ 10.) On or around June 28, 2023, counsel for Defendant Bergen County Collision emailed Plaintiff's counsel a timeline of events, making it clear that the vehicle was towed due to an accident, not seized or impounded. (*Id.* ¶ 11.)

BCC alleges it was damaged by VW Credit when VW Credit did not retrieve the Vehicle. (*Id.* ¶¶ 16-19.)  BCC claims there were "months of damages knowingly and intentionally caused

---

[1] The facts are taken from VW Credit's Amended Complaint ("FAC") (ECF 7), and BCC's Answer and Counterclaim to the Amended Complaint (the "BCC Counterclaim" or the "Counterclaim") (ECF 9.) The Court also relies on documents integral to or relied upon by the Amended Complaint, BCC's Counterclaim"), and the public record.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

by plaintiff" which "are in the tens of thousands of dollars." (*Id.* ¶¶ 18-19.) This is because, BCC alleges, VW Credit "was forcing Defendant [BCC] to safekeep a vehicle . . . while refusing to pay for such services." (*Id.* ¶ 20.) As a result, BCC pleads one count of unjust enrichment in its Counterclaim against VW Credit. (*Id.* ¶¶ 21-28.)

I.  **STANDARD OF REVIEW**

   A.  **Motion to Dismiss Counterclaim**

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *RBC Bank (USA) v. Petrozzini*, No. 12-155, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012). Under this standard, the counterclaim must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a counterclaim, the court must separate the factual and legal elements. *Fowler,* 578 F.3d at 210-211. Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court will, however, accept the counterclaim's well-pleaded facts as true. *Fowler*, 578 F.3d at 210. Moreover, a district court must draw all reasonable inferences from the well-pleaded facts in favor of the counterclaimant. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).[2]

   B.  **Motion to Dismiss**

---

[2] On a Rule 12(b)(6) motion to dismiss, a district court may not rely on matters extraneous to the pleading sought to be dismissed. Fed. R. Civ. P. 12(d). A motion to dismiss a counterclaim must be decided "on the face of the counterclaim." *Lukoil N. Am. LLC v. Turnersville Petroleum Inc.*, 2015 WL 5455648, at *1 (D.N.J. Sept. 16, 2015). However, in certain circumstances, a court may also consider undisputed and authentic exhibits as well as matters of public record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997).

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Defendant BCC seeks to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6), and presumably Rule 12(c). A Rule 12(b) motion must be filed before a responsive pleading. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). A Rule 12(c) motion for judgment on the pleadings, however, may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c).[3] Courts apply the same standard when analyzing the defense of failure to state a claim for a Rule 12(b)(6) motion and a Rule 12(c) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

Here, Defendants answered the Amended Complaint before filing their Rule 12(b)(6) motion.[4] As a result, Defendants' motion is procedurally improper. But because Defendants could simply re-file the instant motion as a pure Rule 12(c) motion and because a Rule 12(c) motion for failure to state a claim is reviewed under the same standard as a Rule 12(b)(6) motion, the Court will construe Defendants' motion as having been filed pursuant to Rule 12(c). *See, e.g.*, *Rivera v. Camden Bd. of Educ.*, 634 F. Supp. 2d 486, 488 (D.N.J. 2009) (construing motion to dismiss filed after answer as a Rule 12(c) motion). To withstand a Rule 12(c) motion for judgment on the pleadings for failure to state a claim, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to

---

[3] In addition, Rule 12(h) provides that the defense of failure to state a claim may be raised through a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(h).

[4] *See* ECF 9.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations . . . as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, a Rule 12(c) motion should not be granted "unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

## II.     ANALYSIS:

VW Credit argues that this Court should dismiss BCC's Counterclaim of unjust enrichment as BCC fails to state a claim for unjust enrichment under the facts pled. Conversely, BCC argues that this Court should dismiss VW Credit's Complaint as VW Credit's claims are "moot."[5] The Court will address each argument in turn.

### A.   Motion to Dismiss BCC Counterclaim (Unjust Enrichment)

BCC alleges that it has sufficiently pled a claim for unjust enrichment as the Counterclaim "makes clear that despite receiving notice BCC was in possession of the vehicle and requesting that it [sic] [be] removed . . . VW Credit refused to pick up the vehicle for months causing significant damage to BCC." (ECF 13, BCC Opp. at 4-5.) As a result, BCC contends that "[a]lthough the parties were not in contractual privity, relief is sought via the doctrine of unjust enrichment. Unjust enrichment occurred and a value may be ascribed to the amount of the goods

---

[5] On November 6, 2023, BCC filed a brief in opposition to VW Credit's motion to dismiss BCC's counterclaim, (*see* ECF 13), as well as a separate filing labeled as a cross motion to dismiss, (*see* ECF 14.) These filings are identical in substance.

and/or services via which there occurred such unjust enrichment. Remuneration was and is reasonably expected but that remuneration was never given. The failure to give remuneration resulted in an unjust enrichment." (ECF 9, BCC Counterclaim ¶¶ 23-26.)

"To prove a claim for unjust enrichment, a party must demonstrate that the opposing party received a benefit and that retention of that benefit without payment would be unjust." *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 556 (N.J. 2016) (internal quotation and citation omitted); *see Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 196 (D.N.J. 2012) ("For an unjust enrichment claim to succeed, there must be a showing that "the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred.") (Internal citation omitted). A direct relationship between the plaintiff and defendant is essential to an unjust enrichment claim. *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 283 (D.N.J. 2011).  This requirement "is meant to protect innocent third-parties from liability" that "had absolutely no course of dealings with, and no other demonstrated connection to, the plaintiff." *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 198, 200 (D.N.J. 2012).  But whether a direct relationship exists is "a term of art," and "will depend heavily on the facts of the individual case." *DeFrank v. Samsung Elecs. Am., Inc.*, No. 19-21401, 2020 WL 6269277, at *23 (D.N.J. Oct. 26, 2020).

Accepting BCC's well-pleaded facts as true, the Counterclaim cannot survive because BCC fails to allege a sufficiently direct relationship based on the facts pled, and instead relies on bald, conclusory allegations which merely recite the elements of an unjust enrichment claim. "Since a [party] must confer a benefit on the [adverse party] to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that "the [party alleging unjust

6

enrichment] allege *a sufficiently direct relationship* with the [adverse party] to support the claim." *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (emphasis added) (quoting *Nelson v. Xacta 3000 Inc.*, 2009 WL 4119176, at *3 (D.N.J. Nov. 24, 2009)).  In defense of their pleading, BCC contends without citation to case law, that "BCC sufficiently pled a claim for unjust enrichment as the Counterclaim makes clear that despite receiving notice the BCC was in possession of the vehicle and requesting that it be removed from BCC's location, even without immediate payment, VW Credit refused to pick up the vehicle for months thereby causing significant damage to BCC." (ECF 13, BCC Opp. at 4-5.) However, BCC fails to plead the requisite direct relationship and seems to conflate the varying responsibilities of VW Credit as a perfected lienholder and the owner of the Vehicle's *in personam* debt to BCC for repairs and storage.

As such, VW Credit's Motion is granted on this basis, and the Counterclaim is dismissed in its entirety without prejudice. Although the pleading deficiency is dispositive, BCC's pleading contains additional defects that the Court will address.

   1. **New Jersey Statutory Law**

As part of BCC's opposition,[6] and seemingly to further invoke quasi-contract principles, BCC argues that "[n]o safekeeping should be expected or provided without proper payment, regardless of the existence of a contract." (ECF 13, BCC Opp. at 5.) To bolster this claim, BCC cites to an August 7, 2023, New Jersey law amending N.J. Stat. Ann. § 56:13-16, which clarifies when lienholders are responsible for certain charges,[7] stating in part:

---

[6] BCC cannot amend its pleading through a statement in its brief. *Chi-Ming Yau v. He Cheng Rest. Corp.*, No. 12-cv6754, 2013 WL 12303218, at *2 (D.N.J. Feb. 1, 2013) ("It is well settled that a plaintiff may not amend pleadings by way of statements made in a brief filed in opposition to a motion to dismiss.") (citing *Commonwealth of Pa. ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 613–14 (D.N.J. 2001).

[7] Under New Jersey law, there are two statutes which are directly on point: (1) the Garage Keepers and Automobile Repairment Act, N.J. Stat. Ann. § 2A:44-20, *et. seq*. ("GKARA"), or (2) the Abandoned Unclaimed Motor

7

> "(i)n the event the owner or operator of the vehicle defaults on payments to the lessor or lienholder of the vehicle, the lessor or lienholder shall be responsible for these reasonable towing and related storage fees."

N.J. Stat. Ann. § 56:13-16. Without any citation to authority, BCC argues that this law supports the unjust enrichment claim because it "makes clear that lienholders cannot force small business, like BCC, to incur months of expenses while lienholders take their time figuring out what they wish to do with the vehicle." (ECF 13, BCC Opp. at 4-5.) Even assuming this to be an accurate interpretation of the law as it relates to BCC's unjust enrichment claim, BCC omits an important distinction made in the very law it cites. As recently amended, the New Jersey statutory scheme solely makes lienholders and lessors responsible for towing and storage fees for **non-consensual** towing directed by the police. The amendment to N.J. Stat. Ann. § 56-13-16 cited by BCC states that "[i]t shall be an unlawful practice for any private property towing company . . . that provides non-consensual towing services" to take any of an enumerated list of actions, but that:

> Nothing contained in any provision of the "Predatory Towing Prevention Act". . . shall be construed to prevent a towing company from charging a reasonable fee for storage of a vehicle that has been subject to **non-consensual** towing authorized by law enforcement . . . .
>
> A towing company shall only require that reasonable fees . . . charged for towing, authorized by a law enforcement officer . . . or related storage services be paid by the operator, owner, lessor, or lienholder of the vehicle prior to the towing company's release of the vehicle. In the event the owner or operator of the vehicle defaults on payments to the lessor or lienholder the lessor or lienholder shall be responsible for these reasonable towing and related storage fees. (emphasis added)

(*See* ECF 15-1, Nov. 13, 2023 Decl. of Nicholas A. Duston (the "Duston Decl"), Ex. B.) The garage keeper's lien act was simultaneously amended to state:

---

Vehicles Act, N.J. Stat. Ann. § 39:10A-1 *et. seq.* (the "AUMVA"). The GKARA states that the garage keeper's lien created by that act: [S]hall not be superior to, nor affect a lien, title or interest of a person held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded or a prior security interest perfected in accordance with chapter 9 of Title 12A of the New Jersey Statutes. N.J. Stat. Ann. § 2A:44-21. The AUMVA also states that: "This act provides an additional remedy . . . and shall not be deemed to supersede or alter the priority of any perfected lien or security interest on an abandoned motor vehicle, which lien or security interest shall have priority over the amounts due to the motor vehicle repair facility." N.J. Stat. Ann. § 39:10A-20.

> A garage keeper shall only require that reasonable fees . . . charged for **non-consensual** towing authorized by a law enforcement officer . . . be paid by the operator, owner, lessor, or lienholder of the vehicle prior to the towing company's release of the vehicle. In the event the owner or operator of the vehicle defaults on payments to the lessor or lienholder of the vehicle, the lessor or lienholder shall be responsible for these reasonable towing and related storage fees. (emphasis added)

(*Id.*)

Critically, at no point in the Counterclaim does BCC allege that VW Credit retained BCC to repair the Vehicle. Further, BCC does not allege that the vehicle was seized and/or subject to a police tow. Conversely, the Counterclaim pleads facts consistent with a private tow, not a police tow, in stating that the Vehicle "was involved in car accident [sic]," that the "accident occurred," and that "owner came to Defendant [BCC], took some belongings, stated she was not at fault, [and] wanted to wait for police report [sic]." (ECF 9, BCC Counterclaim ¶¶ 1-3.) BCC also pleads that it provided "a timeline of events, making it clear that the vehicle was towed due to an accident, not seized or impounded."[8] (*Id.* ¶ 11.) The word "police" does not appear anywhere in BCC's pleading. As such, the Counterclaim pleads facts consistent with a private tow, not a police tow. Without an acknowledgement in the Counterclaim itself that BCC participated with law enforcement to effectuate a non-consensual tow on the Vehicle, the Counterclaim as drafted fails to state a claim due to the language of the New Jersey statutes at issue here and New Jersey Appellate Division case law directly on point.[9] In conclusion, Plaintiff's Motion to Dismiss

---

[8] Furthermore, BCC wrote a letter to VW Credit insisting that VW Credit's Amended Complaint "misrepresent[s] that this vehicle was somehow seized, despite knowing that this was towed due to an accident and the owner authorized the vehicle to remain at my client's location." (*See* ECF 15-1, Duston Decl., Ex. A.)

[9] In *Associates Com. Corp. v. Wallia*, 511 A.2d 709 (N.J. Super. App. Div. 1986), the New Jersey Appellate Division decided a case with similar facts present here and declined to allow an unjust enrichment claim override the plain meaning of lien priority provisions of the New Jersey Statutory law. Ultimately, the Court in *Associates Com. Corp.*, concluded:

> [W]hile plaintiff [Associate's Commercial] may have received a benefit from defendant [J&T]'s repairs to the tractor, we do not see how plaintiff's retention of such benefit without payment therefor is "inequitable or unjust."

9

Defendant's Counterclaim is **GRANTED**, and for the foregoing reasons Defendant BCC's Counterclaim is dismissed without prejudice.

### B. Motion to Dismiss VW Credit's Complaint

BCC's Cross Motion to Dismiss Plaintiff VW Credit's Amended Complaint is the substantively identical document submitted as opposition to VW Credit's Motion to Dismiss BCC's Counterclaim. (*See* ECF 13; ECF 14.) BCC makes no arguments that relate to any portion of VW Credit's pleading. Nor does BCC mention any of VW Credit's causes of action, or the elements associated with pleading a successful 42 U.S.C. § 1983 claim, replevin claim, conversion claim, or tortious interference claim. The only case law BCC cites to in support of its Cross Motion to Dismiss is the motion to dismiss standard and a single citation regarding the elements of unjust enrichment, both of which relate to BCC's Counterclaim. Notwithstanding BCC's limited briefing, to withstand a Rule 12(c) motion for judgment on the pleadings for failure to state a claim, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. Based upon the Court's review of BCC's Cross Motion and VW Credit's pleading, VW Credit does allege enough facts to state claims against BCC. Therefore, BCC's Cross Motion to Dismiss Plaintiff VW Credit's Complaint is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss Defendant BCC's Counterclaim is **GRANTED** and Defendant BCC's Cross Motion to Dismiss Plaintiff VW Credit's Complaint is **DENIED.** An appropriate order follows.

---

J & T could have anticipated that the vehicle was subject to a financing statement for a substantial sum, made some inquiry, and taken steps to protect its position before proceeding on this repair work. It did not do so. Associates was a *bona fide* financer and extender of credit which properly relied on the validity of its perfected security interest. We see no reason to apply common-law restitution principles which conflict with the statutory scheme.

*/s/ Jamel K. Semper*  
**HON. JAMEL K. SEMPER**  
**United States District Judge**

Orig:        Clerk  
cc:          Jose R. Almonte, U.S.M.J.  
             Parties